IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| IN RE: | ) | CIV. NO. 15-00166 DKW/RLP |
|---|---|---|
| | ) | |
| HENRY LAGMAY, #A0191119, | ) | ORDER DENYING MOTION TO |
| | ) | APPOINT A REPRESENTATIVE, |
| Plaintiff, | ) | NEXT FRIEND, OR GUARDIAN AD |
| | ) | LITEM |
| | ) | |
| | ) | |

### ORDER DENYING MOTION TO APPOINT A REPRESENTATIVE, NEXT FRIEND, OR GUARDIAN AD LITEM

On May 15, 2015, this court dismissed *pro se* Plaintiff Henry Lagmay's Complaint. Although the Complaint's allegations were insufficient to state a claim, erring on the side of caution, the court granted Plaintiff leave to amend on or before June 19, 2015. *See* Order, Doc. No. 4. Plaintiff was also instructed to complete an *in forma pauperis* application or to submit the civil filing fee for commencing this action. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF").

On May 21, 2015, Plaintiff sought appointment of counsel, *in forma pauperis status*, and a stay of the proceedings. *See* Doc. Nos. 5, 6. Magistrate Judge Puglisi denied the motion to appoint counsel, finding it impossible to assess

the propriety of appointing counsel when Plaintiff has not yet filed an amended complaint that addresses and cures the deficiencies noted in the May 15, 2015 Order dismissing the Complaint. *See* Doc. No. 8, PageID #3. Magistrate Judge Puglisi denied the *in forma pauperis* request as moot, because Plaintiff's Motion showed that he had requested prison officials to issue and send a check for the full civil filing fee to the Clerk of Court. *Id.* Finally, Magistrate Judge Puglisi denied a stay of the proceedings because Plaintiff provided no facts justifying such relief.

On June 3, 2015, Plaintiff filed three documents: (1) a demand for a jury trial; (2) a request for a summons to "Secure; All Liberty Int[e]rests," and (3) a "Motion: To: Enforce RULE 17" of the Federal Rules of Civil Procedure. *See* Doc. Nos. 9-11. Plaintiff's jury demand has been noted on the docket, and he is notified that the Clerk will not issue a summons in this action until directed to do so. The Court will not direct issuance of a summons until Plaintiff has filed a cognizable claim for relief, and the Court orders a defendant to answer. *See* 42U.S.C. § 1997e(g)(2) ("The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

With regard to Plaintiff's Motion to Enforce Rule 17, the Court declines to appoint a representative, guardian ad litem, or next friend to assist Plaintiff at this

2

time. Pursuant to Fed. R. Civ. P. 17(c), the district court must "appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." That is, when a party submits "substantial evidence" of his or her incompetence, the court should hold a competency hearing to determine whether he or she is competent, and appoint a representative if necessary. *Allen v. Calderon*, 408 F.3d 1150, 1153-54 (9th Cir. 2005). Non-exclusive examples of "substantial evidence" of incompetence are the party's sworn declaration, declarations from fellow inmates, psychiatric records, and letters or declarations from a treating psychiatrist outlining the party's diagnosis for one or more mental illnesses, treatment program, and medications prescribed. *Id.* At 1151-52. The Court, however, need not accept a party's uncorroborated and unsupported statements regarding competency. *See Johnson v. Girubino*, 291 F.App'x 9, at *11 (9th Cir. 2008).

Other than Plaintiff's bald citation to Rule 17(c), he provides no support suggesting that he requires appointment of a guardian ad litem, representative, or next friend to successfully amend his pleadings and prosecute his claims. Indeed, the record shows that Plaintiff is capable of understanding the rules of procedure and the governing law underlying his claims. For example, Plaintiff discusses the possibility that his claims are time-barred, and cites to federal statutes that may

3

provide a basis for relief on his conspiracy claims. He has called the Office of the Clerk numerous times to discuss his action and claims, and to explain what the court should expect to receive from him in the future. Plaintiff has made reasonable, tactical, well thought out motions in response to the dismissal of his Complaint, including requests for appointment of counsel, a stay of the proceedings, demand for a jury trial and summons, and the present motion for representation based on his alleged incompetence. Plaintiff's alleged incompetence has not prevented him from commencing this action, seeking *in forma pauperis* status, pursuing such status with prison authorities as directed by the Court, and understanding and responding to this Court's orders. In sum, Plaintiff fails to provide substantial evidence of his mental incompetency to require a competency hearing at this time.

## **CONCLUSION**

Plaintiff's Motion to Enforce Rule 17 is DENIED without prejudice. Plaintiff is reminded that the amended complaint and civil filing fee or *in forma pauperis* application remain due on or before **June 19, 2015.** Failure to comply with this deadline may result in dismissal of this action for failure to pay, prosecute, or follow a court order.

4

Plaintiff is further notified that he may voluntarily dismiss this action without payment or penalty by notifying the Court in writing on or before **June 19, 2015**.

IT IS SO ORDERED.

Dated: June 9, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*In Re Henry Lagmay*, #A0191119; Civ No. 15-00166 DKW-RLP; ORDER DENYING MOTION TO APPOINT A REPRESENTATIVE, NEXT FRIEND, OR GUARDIAN AD LITEM

*In re: Henry Lagmay*, 1:15-cv-00166 DKW/RLP; Ords 2015; J:\PSA Draft Ords\DKW\Lagmay 15cv166 dkw (R17 appt. g. ad litem) .wpd