IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE:  HENRY LAGMAY, | ) | CIV. NO. 15-00166 DKW/RLP |
| | ) | |
| #A0191119, | ) | ORDER EXTENDING TIME |
| | ) | |
| Plaintiff, | ) | |
| | ) | |

## **ORDER EXTENDING TIME**

Before the court are Plaintiff's memorandum and notice detailing the difficulties he is allegedly experiencing at the Halawa Correctional Facility ("HCF"), accessing the law library and making copies of his documents.  *See* Doc. Nos. 36, 38.  Plaintiff asserts these difficulties made it impossible for him to file an amended complaint on or before August 6, 2015, as ordered.  He seeks relief from the July 24, 2015 Order Denying Motions and Extending time under Rule 60(b)(3) of the Federal Rules of Civil Procedure.  *See* Doc. No. 35.  For the following reasons, the court extends the deadline to file an amended complaint until **on or before September 14, 2015**.

## **I.  BACKGROUND**

Plaintiff commenced this prisoner civil rights action on May 6, 2015. Compl., Doc. No. 1.  The court dismissed Plaintiff's complaint for failure to state a claim on May 15, 2015, with leave granted to amend on or before June 19, 2015.

*See* Order Dismissing Complaint With Leave to Amend, Doc. No. 4. The court notified Plaintiff that failure to timely file an amended complaint on court forms, and submit either payment or an in forma pauperis ("IFP") application, could result in dismissal of the action. *Id.*, PageID #29. Plaintiff filed numerous motions, requests, and other documents before the June 19, 2015 deadline. *See* Doc. Nos. 5, 6, 9-11, 14, 17, and 18. He failed to submit an amended complaint, the filing fees, or an IFP application, however, and instead moved for an extension of time to do so. *See* Doc. No. 17.

The court extended the deadline to file the amended complaint until on or before July 17, 2015. Entering Order, Doc. No. 19. The court informed Plaintiff that he may not file any further ancillary motions, requests, or documents until he either paid the civil filing fee, or submitted an in forma pauperis application, and filed a properly amended complaint. *Id.*

Plaintiff submitted five additional documents before July 17, 2015. *See* Doc. Nos. 20-25. On July 17, 2015, Plaintiff requested another extension of time to file an amended complaint. Doc. No. 26. He continued to file additional documents after the filing deadline passed. *See* Doc. Nos. 29-32.

Plaintiff paid the filing fee on July 24, 2015, and the court extended the time to file the amended complaint until on or before August 6, 2015. *See* Doc. Nos.

34, 35. The court notified Plaintiff again that he may not file, and the court will not act on, any motions, requests, letters, or notices until he filed an amended complaint. Order, Doc. No. 35.

On July 29, 2015, Plaintiff filed a memorandum stating that, while he is capable of complying with the court's order to properly amend the complaint, he has been denied attendance at the law library on at least five occasions since he was ordered to amend his original complaint. *See* Doc. No. 36.

On August 12, 2015, Plaintiff filed a "notice" that he did not receive full copies of his "Motion to Inforce [sic] A Restraining Order," that was mailed to the court on July 14, 2015. *See* Notice, Doc. No. 38 (referring to Mot., Doc. No. 24). Plaintiff also says that he (1) was denied law library attendance again on August 5, 2015; (2) attended the law library on June 23, 2015; and (3) has received no responses from prison counselors to his requests for copies. *Id.* He seeks relief from the August 6, 2015 deadline to file an amended complaint pursuant to Rule 60(b)(3) of the Federal Rule of Civil Procedure.

## II. DISCUSSION

First, to the extent Plaintiff complains that the Clerk of Court failed to return a complete copy of his motion to enforce a restraining order, Doc. No. 24, he is

notified that the court normally does not return full copies of documents submitted by litigants, beyond the complaint, petition, and amendments thereto.

Second, to the extent Plaintiff complains prison counselors failed to respond to his request for copies, this has not prevented him from accessing the court, obtaining copies of his documents, or amending the complaint.  Plaintiff admits he received copies of unidentified documents within seven days after requesting them on June 23, 2015, at the law library.  *See* Doc. No. 26-2.  Plaintiff also mailed eighteen pages of copied federal statutes to the court on June 21, 2015.  Clearly, Plaintiff attended the law library at least once before June 23, 2015, and has received copies from the law library within one week after he makes a request.  *See* Doc. Nos. 21-1, 21-2.  Plaintiff has the means to pay for copies.  *See* Order Denying In Forma Pauperis Application, Doc. No. 22 (finding Plaintiff is not a pauper).  Moreover, the court does not require copies of federal statutes or caselaw to understand Plaintiff's claims.  Finally, Plaintiff may hand copy his documents before he sends them to the court.

Third, Plaintiff's attachments show that he is not complying with prison procedures when he requests law library attendance.  Plaintiff attaches two grievances to his notice.  *See* Administrative Remedy Forms, Nos. 272763 & 272771, Doc. Nos. 38-1, 38-2.  In Step 1 Grievance No. 2727763, Plaintiff grieved

4

the prison's failure to schedule him for the law library on June 16, 30, and July 7, 2015, after he had submitted his requests on the Sunday before these dates. Doc. No. 38-1. There is no prison response on this copy. In Plaintiff's Step 2 Appeal No. 272771, Plaintiff states that he is unsatisfied with the prison's response to No. 2727763, that

> Law Library Requests Are Processed for the Week after We Recieve [sic] Them Providing We Recieve [sic] [them] Before Wednesday. Some of Our Staff Is on Vacation and We Are Short Staffed. Normal Tuesday Law Library at the SNF Should Resume in August.

Had Plaintiff simply made a request to attend the law library by the Wednesday before he wished to attend, particularly while the prison was short-staffed, he would have been accommodated. Plaintiff has had since May 15, 2015, to plan for law library sessions to accommodate his deadlines for filing an amended complaint, but he continued to fail to comply with the prison's regulations.

"Prisoners have a constitutional right of access to the courts." *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). Plaintiff, however, does not allege facts showing that he has suffered a "specific instance" when he was denied access to the court based on the prison's alleged denial of copies or failure to schedule him for the law library. *Lewis v. Casey*, 518 U.S 343, 349 (1996). That is, Plaintiff cannot show an "actual injury" in this action based on these

unsupported and misplaced claims regarding the unavailability of copy services and law library sessions.  *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002).

If Plaintiff cannot get copies at the law library because he will not comply with the prison's rules concerning how to schedule law library sessions, he is informed that he may hand copy his amended complaint and other documents.  Moreover, Plaintiff does not require copies of federal statutory or case law to properly amend.  Plaintiff must simply and concisely state the facts underlying his claims, include the date and place the events at issue allegedly occurred, and name the defendants that he believes have personally violated his rights.  Plaintiff must do so on court forms and he must sign his amended complaint.  He may not allege unconnected claims against multiple unconnected defendants unless those claims arise out of the same transactions or occurrences.  *See* Fed. R. Civ. P. 18 & 20.  In short, Plaintiff must follow the detailed instructions the court provided in the Order Dismissing Complaint With Leave to Amend, Doc. No. 4.

Plaintiff is GRANTED a final extension of time to file an amended complaint until on or before **SEPTEMBER 14, 2015.**  Except on a written and supported showing of good cause, Plaintiff will not be given another extension of time to submit a verified amended complaint.

## III.  CONCLUSION

(1) Plaintiff is GRANTED until on or before **SEPTEMBER 14, 2015** to file an amended complaint.  The amended complaint must allege this court's jurisdiction and venue, identify the defendants in the caption and within each claim, explain defendants' capacity for suit and personal involvement in his claims, and be set forth in separately numbered paragraphs explaining how each defendant personally violated Plaintiff's civil rights.  *See* Fed. R. Civ. P. 10; *see also* 42 U.S.C. § 1983.  Plaintiff must explain his request for relief and sign the amended complaint.  In this instance, Plaintiff need not provide copies of the amended complaint; he will be sent a complete, endorsed copy of the amended complaint upon its receipt at court.

(2)  Plaintiff is NOTIFIED again that, until he submits a legible, signed amended complaint set forth on this court's prisoner civil rights form, the court will not consider other documents, motions, pleadings, notices, or miscellaneous filings.

(3)  The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form, a copy of Rules 10-12, 18, and 20 of the Federal Rules of Civil Procedure, and another copy of the May 15, 2015 Order Dismissing Complaint With Leave to Amend, Doc. No. 4.

(4) The Clerk is further DIRECTED to send a copy of this Order to the Halawa Correctional Facility Acting Warden Frances Sequeira, the Director of the Hawaii Department of Public Safety Nolan Espinda, and the Department of Public Safety Litigation Coordinator Shelley Nobriga, Esq., to alert them to Plaintiff's allegations regarding law library access and copies.

IT IS SO ORDERED.

DATED: August 18, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*In Re: Henry Lagmay.*, Civ. No. 15-00166 DKW/RLP;
ORDER EXTENDING TIME; psa recon2015