IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE:  HENRY LAGMAY, | ) | CIV. NO. 15-00166 DKW/RLP |
| | ) | |
| #A0191119, | ) | DISMISSAL ORDER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |

## DISMISSAL ORDER

For the following reasons, this action is DISMISSED for Plaintiff's failure to state a claim and comply with court orders.  The Clerk is directed to terminate the case.  All pending motions are DENIED.

## I.  BACKGROUND

On May 6, 2015, Plaintiff commenced this action with an unsigned document that the court liberally construed as a complaint, that named no defendants, referred to events that allegedly occurred between 2004 and 2009, was incoherent, and otherwise failed to state a claim.  Doc. No. 1.  Plaintiff did not submit the civil filing fee or an in forma pauperis application (IFP) with his pleading.  On May 15, 2015, the court ordered Plaintiff to file an amended complaint curing the deficiencies noted in his pleading, and an IFP application or payment, on or before June 19, 2015.  Doc. No. 4.  This Order notified Plaintiff that failure to timely comply would result in dismissal of this action.

Rather than comply with the May 15, 2015 Order, Plaintiff filed a series of extraneous motions, notices, letters, and documents. *See* Doc. Nos. 5, 6, 9-12, 14, 17, 18. On June 18, 2015, the court extended the time for filing the amended complaint until July 17, 2015, and notified Plaintiff that he may not submit further motions, documents, letters, or notices until he filed an amended complaint. Doc. No. 19. Despite these directions, Plaintiff continued to file documents that were *not* responsive to the court's May 15, 2015 Order, and ignored the court's Orders to file an amended complaint. *See* Doc. Nos. 20, 22-33. Plaintiff ultimately paid the civil filing fee, however. Doc. No. 34,

On July 24, 2015, the court denied Plaintiff's continuing motions, again ordered Plaintiff to file an amended complaint, and again extended the time for Plaintiff to do so, this time until August 6, 2015. Doc. No. 35. Plaintiff ignored this directive and continued to file notices and documents immaterial to the amended complaint, complaining that he was having difficulty making copies and being scheduled for the law library. Doc. Nos. 36-39.

On August 18, 2015, the court found that Plaintiff had not been denied access to the court and, based on Plaintiff's submissions, had attended the prison law library and been given copies of his documents. *See* Order, Doc. No. 40. The

court denied Plaintiff's motion and extended the time to file an amended complaint again, until September 14, 2015. *Id.*

On September 16, 2015, two days after the latest deadline for filing an amended complaint expired, Plaintiff filed a motion for reconsideration, and the next day he submitted a letter, both complaining of his limited access to the law library before and since his transfer to the Special Holding Unit (SHU) on August 18, 2015.  Doc. Nos. 44, 45.  These documents were signed on September 13 and 14, 2015, respectively.  Plaintiff also states that he named Hawaii prison administrators as Defendants in his previous motions, and asserts that he "Will Answer In This Court Upon Exhaustion 9-30-15 Grievance Document 275959."[1] Mot., Doc. No. 44, PageID #243.

## I. FEDERAL RULE OF CIVIL PROCEDURE 41(b)

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or comply with the federal rules, a court's local rules, or court orders. *See*, *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d

---

[1] Whether this grievance relates to claims in the original pleading or events occurring thereafter is immaterial here.  The court notes only that all prisoner claims must be exhausted before *bringing* an action or, in certain circumstances, filing an amended pleading.  *See* 42 U.S.C. § 1997e(a); *Cano v. Taylor*, 739 F.3d 1214, 12 (9th Cir. 2014).

683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action under Rule 41(b) *sua sponte* for failure to prosecute, comply with local or federal rules, or court orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of habeas action for failure to file an amended petition).

> Before dismissing a case under Rule 41(b), the court must consider:
>
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61; *accord Pagtalunan*, 291 F.3d at 642-43. "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Plaintiff has made no effort to comply with this court's Orders to amend his complaint, although the record shows that he has the means and ability to do so. Plaintiff has responded and objected to the court's orders numerous times without regard to his responsibility to amend his pleadings and submit a signed complaint. Plaintiff has had sufficient access to the prison law library, and has been instructed that he need not cite law in or provide copies of his amended complaint, but simply

must (1) name defendants; (2) explain what these defendants did to violate his rights; (3) set forth when these events occurred; (4) request relief; and (5) sign and date his pleading.  The Clerk has repeatedly sent Plaintiff prisoner civil rights complaint forms to assist him in filing an amended complaint.  It is clear that there has been no impediment to Plaintiff's filing an amended complaint.  Rather, Plaintiff willfully has failed to amend the complaint to state a cognizable claim.  Instead he has chosen to file non-responsive motions and documents when he has been ordered to desist, and failed to file an amended pleading when he has been ordered to do so.

Although Plaintiff claims that he named Defendants in his motions, this is insufficient to comply with the Orders to amend the complaint.  First, the court is not required to search the record to make sense of Plaintiff's pleadings or motions and will not accept revisions to a pleading piecemeal.  Plaintiff was ordered to file a signed amended complaint on court forms, that names defendants in its caption, and sets forth what each defendant allegedly did to violate his rights in each claim, in compliance with the Federal Rules of Civil Procedure.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  Randomly

adding defendants and claims within motions, letters, and notices does not comply with the Federal Rules of Civil Procedure or this court's Orders.

Second, Plaintiff fails to explain what the Hawaii prison officials he names in his motions did to further an alleged conspiracy in prisons in Oklahoma, Tennessee, Mississippi, and Arizona from 2004-2009, which was the only discernible claim in his original complaint. Plaintiff named these Hawaii defendants in his motions to protest his alleged denial of law library scheduling, but made no connection between them and his original claims.

Plaintiff has frustrated an expeditious resolution of this litigation and prevented the court from effectively managing this case. There is no prejudice to Defendants, who have not even been named, in dismissing this case. The policy in favor of resolving disputes on their merits is upended here, where Plaintiff has failed to state any claim and his pleading suggests that it is time-barred. Moreover, the court has notified Plaintiff several times what he must do, and has *sua sponte* extended the time for doing so, leaving no further sanctions available except dismissal of this action.

Having considered *Ferdik*'s five factors, this action is DISMISSED with prejudice and the Clerk is DIRECTED to enter judgment accordingly pursuant to Fed. R. Civ. P. 41(b). Plaintiff is notified that this dismissal shall count as a strike

under 28 U.S.C. §1915(g), unless later overturned on appeal.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Any pending motions are DENIED.

   IT IS SO ORDERED.

   DATED:   September 21, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*In Re: Henry Lagmay*, Civil No. 15-00166 DKW-RLP; DISMISSAL ORDER

PSA Ords 2015; J:\PSA Draft Ords\DKW\Lagmay 15-166 dkw (DSM act, ftsc, dny recon).wpd