IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: HENRY LAGMAY, | ) | CIV. NO. 15-00166 DKW/RLP |
| | ) | |
| #A0191119, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| Plaintiff, | ) | |
| | ) | |

**<u>ORDER DENYING MOTION FOR RECONSIDERATION</u>**

On September 21, 2015, this action was dismissed for Plaintiff's failure to state a claim and comply with court orders. Doc. No. 46. The court found that, although given ample opportunity to do so, Plaintiff willfully failed to file a signed amended complaint that cured the original pleading's deficiencies within a reasonable period of time despite several court orders to do so.

Before the court is Plaintiff's "Motion Pursuant to Rule 60.(b)(3)," seeking reconsideration of the dismissal of this action with prejudice. Plaintiff's Motion for Reconsideration is DENIED.

**I. <u>LEGAL STANDARD</u>**

When a ruling has resulted in final judgment, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), if filed within twenty-eight days after entry

of judgment, or as a motion for relief from judgment pursuant to Rule 60(b). *Sch. Dist. No. 1J, Multnomah Cty. v. AC & S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Although judgment entered less than twenty-eight days before this motion was received, Plaintiff specifically seeks relief under Rule 60(b)(3), and the court reviews it as such.

To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991); *United States v. Tanoue*, 165 F.R.D. 96, 98 (D. Haw. 1995).

Disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). The decision to grant reconsideration "is committed to the sound discretion

of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## II. DISCUSSION

Plaintiff apparently argues that Halawa Correctional Facility prison officials, who he now alleges are defendants, committed fraud or prevented him from fairly presenting his claims when they allegedly denied him law library sessions and brought disciplinary proceedings against him for destroying thirty-four grievances. *See* Mot., Doc. No. 51, PageID #298.  Plaintiff claims that he showed good cause for failing to file an amended complaint when he notified the court that he would exhaust administrative remedies on or before September 30, 2015, regarding the alleged denial of law library access and his ability to make copies. *Id.*, PageID #299, 301.  He argues that he named Sequeira, Espinda, Nobriga, Janice Kahlua, Hakon, and Higgins as defendants when he referred to them in his motions and documents. *Id.*, PageID #300.  Plaintiff complains that he cannot afford to make copies, his claims are not frivolous, he did not frustrate the proceedings, and the dismissal with prejudice was a "fundamental error." *Id.*, PageId 304.

The court addressed each of these argument in its September 21, 2015 Dismissal Order. *See* Doc. No. 46. First, this court rejected Plaintiff's claims that Halawa prison officials prevented him from filing an amended complaint by denying him law library and copier access. *See* Order, Doc. No. 40. Plaintiff's submissions showed that he had, in fact, received and made many copies, attended the law library, and failed to appropriately request library time. *Id.* Moreover, Plaintiff was told that he need not provide copies of his amended complaint nor cite law, and instead simply needed to submit a signed complaint that set forth his claims, named the defendants, and explained the bases for his claims against those defendants so that this action could proceed. Thus, the bases for Plaintiff's fraud claim was clearly known to, considered, and rejected by the court when this action was dismissed and cannot serve as a basis for reconsideration. *See Pac. & Arctic Ry. and Navigation Co.*, 952 F.2d at 1148.

Second, Plaintiff has never named or served any prison official as a defendant, whether in Hawaii, Oklahoma, Tennessee, Arizona, or Mississippi. His original claims were not directed toward Hawaii prison officials. It is therefore incomprehensible how or why Halawa prison officials committed fraud or other misconduct that prevented Plaintiff from presenting his claims, when they have

not been named, served, or even alleged to have been part of the alleged 2004-2009 Mainland prison conspiracy that underlies Plaintiff's claims.

Third, it is immaterial whether Plaintiff's claims are or will be exhausted by September 30, 2015. Exhaustion is an affirmative defense that need not be pled in a complaint, and the court made no determination on this issue. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014).

Finally, to the extent Plaintiff complains that dismissal is *with* prejudice, his claim fails. Rule 41 authorizes a court to dismiss an action with prejudice when the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (affirming dismissal of habeas petition with prejudice for want of prosecution); *Curtis v. Bank of America*, N.A., 2013 WL 1561475, at *2-3 (C.D. Cal. Apr. 12, 2013) (dismissing action with prejudice for failure to file amended complaint); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct.").

"A Rule 41(b) dismissal is deemed a sanction for disobedience," and is appropriate when a plaintiff's claims have been dismissed with leave to amend and

he or she takes no action. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). While "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances," dismissal with prejudice is not beyond the acceptable range of sanctions. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). Such dismissal is appropriate when "at least three factors strongly support dismissal." *Id.*; *Pagtalunan*, 291 F.3d at 643. "In addition, in order to warrant a sanction of dismissal, the party's violations must be due to willfulness or bad faith." *Dreith*, 648 F.3d at 788 (citation omitted).

Before dismissing this action, this court weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (internal quotation marks and citation omitted). At least three of these factors strongly supported dismissal: the court's need to manage its docket, the public's interest in expeditious resolution, and the lack of less drastic options. Moreover, even though defendants here were never served, there is a "risk of prejudice . . . related to the plaintiff's reason in defaulting in failing to timely amend." *Yourish v. Cal. Amplifier*, 191 F.3d 983,

991 (9th Cir. 1999). Plaintiff's inadequate excuses for failing to amend further supports a finding of prejudice to the unserved defendants.

Plaintiff was explicitly notified of the deficiencies in his pleading. Instead of complying with the court's directions, and despite several extensions of time to do so, Plaintiff ignored the court's directions and filed motions and documents that confused rather than furthered the proceedings. In light of the numerous opportunities to amend that Plaintiff was given, his decision to file irrelevant motions and documents and defy the court's orders to amend, and his apparent inability to amend his claims to state a claim, this court concluded that Plaintiff's failure to amend was, at a minimum, willful, and dismissal with prejudice was warranted.

### III.  CONCLUSION

Plaintiff sets forth no clear or convincing evidence showing that anyone perpetrated fraud or prevented him from amending his complaint and prosecuting this action. There is no persuasive reason to reconsider the decision to dismiss

//          //


//          //

this action with prejudice, and Plaintiff's Motion for Reconsideration is DENIED.

The Clerk shall terminate this action.

    IT IS SO ORDERED.

    DATED:    October 13, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*In Re: Henry Lagmay*, Civil No. 15-00166 DKW-RLP;  ORDER DENYING RECONSIDERATION

PSA Recon 2015;Lagmay 15-166 dkw (60(b)(3)).wpd